ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* GANS.

Opinion delivered April 20, 1901.

CARRIER—LIABILITY FOR LIQUORS DESTROYED BY OFFICER.—Where a carrier is sued by a consignor for the value of liquor shipped to a prohibited district to be sold contrary to law, it is a good defense that the liquor was seized and destroyed by an officer, under act of February 13, 1899, §§ 1, 3.

Appeal from Jefferson Circuit Court.

A. B. GRACE, Judge.

### STATEMENT BY THE COURT.

The complaint charged that the appellees were merchants at Pine Bluff, Arkansas, and that the appellant railroad company was a common carrier operating between the city of Pine Bluff, in

Jefferson county, and Jonesboro, in Craighead county, Arkansas. "On June 19, 1899, the plaintiffs delivered to the defendant and the defendant received from plaintiffs at Pine Bluff, Arkansas, two casks containing 300 pints of whisky in 300 one-pint bottles, each bottle of liquor being of the value of 25 cents, consigned to Will Scott at Jonesboro, Arkansas, to be by defendant transported from said Pine Bluff to Jonesboro, and there delivered to said Will Scott. The defendant, in violation of its duties as common carrier, did not·deliver the said whisky, nor any part thereof, to the said consignee thereof, Will Scott, but has converted the same to its own use and benefit. That, by reason of defendant's wrongful conduct and disregard of its duty as a common carrier, plaintiffs have been damaged in their personal property in the sum of $80. Wherefore the plaintiffs pray judgment for $80.".

Defendant demurred to the complaint because the complaint did not state a cause of action within the jurisdiction of the circuit court. The court overruled the demurrer, and defendant, having excepted, filed an answer denying "that it converted to its own use or by any act of the defendant deprived the plaintiff of the property described in the complaint, or caused plaintiffs any damage whatever in their property or otherwise." The defendant, for further answer to the complaint, stated that on the 19th day of June, 1899, plaintiff delivered to the defendant at Pine Bluff, Arkansas, two casks, containing whisky in bottles, consigned to Will Scott at Jonesboro, Arkansas. The defendant carried said goods to Jonesboro, Arkansas, and while the same were in the depot of the defendant, and after the same had been offered to the said Will Scott, the consignee thereof, and before they were taken out of the depot by said Scott, and while in the possession of the defendant in its depot at Jonesboro, a town in which the sale of such liquor is prohibited by law, were seized by one D. C. Martin, marshal of the city of Jonesboro, under a search warrant, issued pursuant to law, by A. E. Hastings, mayor of the city of Jonesboro, on the 23d day of June, 1899. That, immediately upon such seizure and taking of said goods from the defendant, the defendant notified said Will Scott and the plaintiffs of the seizure of said goods under said warrant by said marshal, and protested against the seizure thereof by said marshal, but was compelled to surrender the same under said warrant, a copy of which was filed as Exhibit "A," and made part of this answer. That, afterwards, to-wit, on the 28th day of June, 1899, said whisky was destroyed

by said D. C. Martin, city marshal of the city of Jonesboro, after notice to said plaintiff and pursuant to the orders of the mayor of the city of Jonesboro, entered in accordance with an act of the general assembly, approved February 13, 1899, entitled "An act to suppress the illegal sale of liquors and to destroy the same when found in prohibited districts," said liquors having been shipped into said town of Jonesboro to be sold contrary to law. Defendant, for further answer to the complaint, stated the plaintiffs could not maintain the action because the whisky described in the complaint as destroyed as aforesaid was shipped by plaintiffs into the town of Jonesboro, Arkansas, a district in which the sale of whisky was at that time prohibited by law, to be sold contrary to law.

*S. H. West* and *J. M. & J. G. Taylor,* for appellant.

Appellant was not responsible for the value of the whisky seized under process of law. *Cf.* Sand. & H. Dig., §§ 1618-1619. Appellees had an opportunity and the right to appear and show cause against the destruction of the liquor. Ell. Mun. Corp. § 91. The destruction of the liquor was not illegal or a taking of property without due process. 123 U. S. 623; 3 R. I. 64; 172 Mass. 311; 24 Pick. 352; 12 Cush. 414; 5 Gray, 97; 6 Gray, 1; 108 Mass. 27; 115 Mass. 153, 126, 269; 97 U. S. 25; 5 How. 504; 135 U. S. 100; 154 Mass. 357; 123 U. S. 623.

*Irving Reinberger* and *Albert E. Ewing,* for appellee.

Section 1 of the act of 1899 is unconstitutional. 1 Gray, 1; 57 Cal. 251; 35 N. Y. 307; Cooley, Const. Lim. 363; 4 Cr. Law Mag. 187; 8 Am. & Eng. Enc. Law, 1082. Section 3 of the act is unconstitutional, in that it is designed to take property without due process of law. 1 Gray, 1; 21 Ind. 370; 44 Ill. 142; 4 Metc. 385.

HUGHES, J., (after stating the facts). The answer in this case alleges by way of defense that, after the whisky in controversy had been offered to Will Scott, the consignee, and before it was taken out of the depot by said Scott, and while in the possession of the defendant, in its depot at Jonesboro, a town in which the sale of liquors is prohibited by law, the same was seized by one D. C. Martin, marshal of the city of Jonesboro, under a search warrant issued pursuant to law by A. E. Hastings, mayor of the city of Jonesboro, on the 23d day of June, 1899; that, immediately upon the seizure and taking of said goods from the defendant, the

defendant notified said Will Scott and the plaintiffs of the seizure of said goods under said warrant by said marshal, and protested against the seizure thereof by said marshal, but was compelled to surrender the same under said warrant, a copy of which was marked "Exhibit A," and filed with said answer. That afterwards, to-wit, on the 28th day of June, 1899, said whisky was destroyed by said D. C. Martin, city marshal of the city of Jonesboro, after notice to said plaintiff and pursuant to the orders of the mayor of the city of Jonesboro, entered in accordance with an act of the general assembly, approved February 13, 1899, entitled "An act to suppress the illegal sale of liquors, and to destroy the same when found in prohibited districts," said liquors having been shipped into said town of Jonesboro to be sold contrary to law. Defendant for further answer to the complaint stated the plaintiffs could not maintain the action because the whisky described in the complaint as destroyed as aforesaid was shipped by plaintiffs into the town of Jonesboro, Arkansas, a district in which the sale of whisky was at that time prohibited by law, to be sold contrary to law.

The answer set up a good defense to the action. The defendant could not lawfully have resisted the officer, armed with a legal warrant to seize the property. The consignee and the plaintiffs having been notified of the seizure, it was their duty—at least their privilege—to appear and show, if they could, and desired to do so, why the whisky should not be destroyed. It was the duty of the defendant to surrender the whisky to the marshal under the warrant, and if it did so the law protects it. 1 Jaggard, Torts, §§ 125, 139.

The first and third sections of the act to suppress the illegal sale of liquors, and destroy the same, when found in prohibited districts, provides:

"Section 1. It is hereby made and declared to be the duty of the chancellors, circuit judges, justices of the peace, mayors and police judges, on information given or on their own knowledge, or when they have reasonable ground to believe that alchohol, spirituous, ardent, vinous, malt or fermented liquors, or any compound or preparation thereof commonly called tonics, bitters or medicated liquors of any kind, are kept in any prohibited district to be sold contrary to law, or have been shipped into any prohibited district to be sold contrary to law, that they issue a warrant, directed to some peace officer, directing in such warrant a search for such intoxicating liquors, specifying in such warrant the place to be

searched, and directing such officers on finding any such liquors in any prohibited district to publicly destroy the same, together with the vessels, bottles, jugs or kegs containing such liquors; * * * *provided,* that any person on whose premises or in whose custody any such liquor may be found under warrant of this act shall be entitled to his day in court before said property shall be destroyed.

"Sec. 3.    That if any suit shall be brought against any officer or his bondsmen, or any other person, to recover for any liquors, vessels, barrels, bottles, jugs or kegs destroyed under the provisions of this act, it shall be a complete defense to such suit for such officer, bondsman or other person to show to the satisfaction of the court or jury that such liquors so destroyed were being sold contrary to law, or were kept to be sold contrary to law, or had been shipped into any prohibited district to be sold contrary to law, or that any portion of the liquors so destroyed had been a part of any liquor sold contrary to law, or kept to be sold contrary to law, and, upon such showing being made, such officer, bondsman or other person shall not be liable for the value of the liquor, vessels, barrels, bottles, jugs or kegs so destroyed."

The judgment is reversed, and the cause remanded, with directions to overrule the demurrer.